**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MICHAEL MITCHELL, JR. & KYLE FINNELL, | :   Case No. 1:25-cv-725 |
|      Plaintiffs, | : <br> : <br> :   District Judge Jeffrey P. Hopkins |
| vs. | :   Magistrate Judge Elizabeth P. Deavers <br> : |
| ANNETTE CHAMBERS-SMITH, et al., | : <br> : |
|      Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiff Michael Mitchell Jr. and Plaintiff Kyle Finnell, prisoners who are incarcerated at the Madison Correctional Institution (MCI), filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Director Annette Chambers-Smith, Warden V. Fisher, Correctional Officer (C/O) Roman, C/O John Doe 1, C/O John Doe 2, C/O John Doe 3, and C/O John Doe 4. (Complaint, Doc. 1-1, PageID 11-12). By separate Order, Mitchell and Finnell have been granted leave to proceed *in forma pauperis*. (Doc. 8).

This matter is now before the Court for an initial screen of the Complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

///

///

1

## I. Screening of Complaint

### A. Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

2

U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B.      Plaintiffs' Complaint

In their Complaint, Mitchell asserts an Eighth Amendment excessive force claim, and Finnell asserts a First Amendment grievance claim.  (*See* Complaint, Doc. 1-1, PageID 12-18).

On August 4, 2025, Mitchell was sitting on a bench in the recreational area when C/O Roman approached him. (*Id.* at PageID 13). Roman was patrolling the area to enforce institutional rules. (*Id.*). When Roman told Mitchell to stand up, Mitchell complied. (*Id.* at PageID 14). Roman then started to cuff Mitchell, even though Mitchell had complied with the order to stand up. (*Id.*). After Mitchell requested to speak with a prison supervisor, Roman placed him in a chokehold and wrestled him to the ground. (*Id.*) C/O Does 1-4 jumped on Mitchell's neck, back, and legs to restrain him.

(*Id.*). The C/Os marched Mitchell to the medical ward, where a doctor diagnosed him with a neck strain. (*Id.*). At no point during this altercation did Mitchell resist or act aggressively. (*Id.*).

Finnell witnessed the C/Os cuff and remove Mitchell. (*Id.* at PageID 15). Shortly after this incident, Finnell returned to his housing unit. (*Id.* at PageID 16). Warden Fisher conducted rounds at Finnell's housing unit and approached Finnell to ask about Mitchell's encounter with the C/Os. (*Id.*). Finnell appears to have stated that he did not want to get involved for fear of retaliation. (*Id.*). Fisher then spoke with Finnell about inmates obeying C/Os when they give orders. (*Id.*). Finnell requested Fisher to clarify when the C/Os can use force when dealing with inmates. (*Id.* at PageID 16-17). But, before he could finish his question, Fisher began to scream at Finnell. (*Id.*). Fisher engaged in a profanity-laced tirade against Finnell. (*Id.* at PageID 17). The anxiety produced from this encounter caused Finnell to run away from Fisher and file a grievance. (*Id.* at PageID 18). The grievance, however, was closed. (*Id.*).

For relief, Mitchell and Finnell seek monetary damages.  (*Id.* at PageID 18-20).

### C.    Analysis

<u>Official Capacity Claims</u>

Plaintiffs' claims against any Defendant in his or her official capacity must be dismissed to the extent that they seek monetary damages. Mitchell and Finnell have named all Defendants in their individual and official capacities and seek monetary damages. (*See generally* Complaint, Doc. 1-1). Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but

4

where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, the Complaint should be **DISMISSED** as to all Defendants in their official capacities.

Mitchell's Eighth Amendment Claim

A convicted prisoner's right to be free from the use of excessive force is governed by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). Eighth Amendment excessive force claims include both a subjective and an objective component. *Johnson v. Sootsman*, 79 F.4th 608, 615 (6th Cir. 2023). The subjective component focuses on the prison official's state of mind, while the objective component analyzes whether the pain inflicted on the prisoner was "sufficiently serious." *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (additional citations omitted). The core question for the subjective component is whether the use of force used by a correctional officer was "applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The absence of a serious injury is relevant as a factor that suggests whether the use of force may "plausibly have been thought necessary" in a given situation. *Id.* (quoting *Hudson*, 503 U.S. at 7).

5

Taking Mitchell's allegations as true, Roman and the Doe C/Os were harassing him when they cuffed him and wrestled him to the ground. Though Mitchell alleges the officers were not acting in good faith when they restrained him, their use of force that caused a "neck strain" did not "cross the constitutional line." *Hanson v. Madison Cnty. Det. Ctr.*, 736 F. App'x 521, 530 (6th Cir. 2018) (noting that "the Constitution is not concerned" with a de minimis level of force. And inmates who complain "of a push or shove that causes no discernable injury almost certainly fail to state a valid excessive force claim."). Importantly, not "every malevolent touch by a prison guard" gives rise to a federal cause of action. *Id.* Here, Mitchell's allegations that the C/Os caused a neck strain when they restrained him do not support an excessive force claim on screening. *See, e.g.*, *Leary v. Livingston Cty.*, 528 F.3d 438, 443 (6th Cir. 2008) (holding an officer's strike of a non-resisting pretrial detainee—"'[i]n the back of the neck' with the side of his hand, performing 'a karate chop kind of a deal'—was de minimis," and thus did not violate the Constitution). Accordingly, Mitchell's excessive force claim should be **DISMISSED** with prejudice, as amendment would be futile.

Finnell's First Amendment Claim

Under § 1983, liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Finnell therefore cannot state a plausible First Amendment claim for the alleged closure of his grievance against Fisher. "Failing to respond to a grievance in a timely manner (or at all), like denying a grievance, is not the type of adverse action that would deter a person of ordinary firmness from exercising his First Amendment rights." *Spurell v. Lazusky*, No. 4:25-cv-1510, 2025 WL 2977122, at *3 n. 32 (M.D. Pa. Oct. 21, 2025) (collecting cases). Accordingly, Finnell's First Amendment grievance claim should be **DISMISSED** with prejudice, as amendment would be futile.

Remaining Individual Defendant

To state a claim against a defendant in his individual capacity, a plaintiff must allege personal involvement of the defendant in causing plaintiff's injury. *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). A party cannot be held liable under § 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). To establish liability under § 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct"). Thus, a claimed constitutional violation must be based on active unconstitutional behavior, *Greene*, 310 F.3d at 899; *Shehee*, 199 F.3d at 300, and cannot be based upon the mere right to control employees. *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). A plaintiff must allege defendants were personally involved because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).

Mitchell and Finnell fail to meet this pleading standard as it relates to Defendant Chambers-Smith. They name Chambers-Smith as a Defendant but make no allegations that she was personally involved in any of the alleged constitutional violations. (ECF No. 1-1, at PageID 11-12). The mere fact that Chambers-Smith is the ODRC Director is not enough to impose liability under § 1983. Therefore, **DISMISSAL** without prejudice of the claims against Chambers-Smith in her individual capacity is appropriate. Finally, Defendants Fisher, Roman, and Does 1-4 should be **DISMISSED** in their individual capacities from the Complaint because the only claims against them in the Complaint should be dismissed.

## II.      Conclusion

**IT IS THEREFORE RECOMMENDED THAT:**

1. Mitchell's Eighth Amendment excessive force claim and Finnell's First Amendment grievance claim be **DISMISSED with prejudice** pursuant to 28 U.S.C§§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date:    _March 10, 2026__                                  s/ *Elizabeth A. Preston Deavers*____
                                                                          **Elizabeth A. Preston Deavers**
                                                                          **United States Magistrate Judge**

### NOTICE REGARDING OBJECTIONS

Under Fed. R. Civ. P. 72(b) any party may serve and file specific, written objections to this Report & Recommendation (R&R) within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).